2011-5049 Western Management Incorporated against the United States, Mr. Kovacevich. Thank you, Your Honor. I'm Bob Kovacevich. I haven't known any stock in Western Management for about 14 years, but I am the person who was alleged to be an employee now almost 20 years ago. I want to point out to the court that the court already knows this from the Brubble Room case. The employer, if Western Management was my employer, is obligated to help me pay my own income tax. Really, the employer doesn't owe any income tax. It's merely helping the employee to pay it. Are we talking about income tax here or FICA? Yes, Your Honor. Which? The employer has no duty to pay that tax. It has a duty to withhold. You're talking about income tax, or are we talking about FICA obligations? FICA, and of course, as the court knows, withholding is part of... Right. Okay. But you're not talking about tax on income. You're talking about the employment tax. That's exactly right, Your Honor. This whole case is about employment tax. I submit to Your Honors that the code sections 3402D, if the employee, the recipient, pays the tax, the employer is no longer liable. Jones v. United States, it's cited repeatedly in our briefs, says that when the Internal Revenue Service pursues the employer after the employee has paid the tax, and the Internal Revenue Service knows this, it's frivolous. And here, of course, my declaration attaches my tax returns. And again, I want to point out that we had two or three people we classified as employees. We timely filed the 941s, the employment tax returns, timely paid them. And the only controversy here is whether or not I was an employee of my own professional corporation. I was the only attorney. And as the briefs point out, in the state of Washington, where I practiced and was incorporated, the stock has to be owned by the professional employee. If not, the corporation dissolves. So here I am in really a joint venture. It's never been held that way. But the corporation needed my bar license to exist, an unusual factor in an employee-employer relationship. The government says that there has never been any tax paid. That's totally wrong, because obviously I paid the tax with my return. Once that's done, then the account is stated. If in the normal case, the W-2 form is issued. The employee gets the form. The employee files that at the due date of the return, determines whether he or she gets a refund, whether he owes some tax. And at that time, the account to the government is straightened out at the employee level. The employee is always primarily liable for his or her own tax. So here, the tax is paid with returns. My declaration clearly says that. It was all paid by 1995. Now, when you say that the taxes were paid, was this the so-called self-employment tax that you were paying? That's right, Your Honor. Now, as I understand it, and you correct me if I've got this wrong, but my understanding is that if you're an employee, you pay whatever the amount is, 6%, 6-plus percent right now. And the employer pays an equal amount, 6-plus percent. And if you're paying self-employment tax, you pay the whole thing. You pay the 12%. And it turns out to be a wash. That's correct. As far as the IRS is concerned. Now, did you pay the full share, both of the, what would have been the employee's part and the employer's part? Did you pay the total sum of those two as your self-employment tax throughout the period of that issue? Yes, Your Honor, I did. That's in the declaration. And my declaration clearly said I paid, we'll plot both halves. I believe it was 15.3 total at that time. And the self-employment, again, as the court just said, covers both halves, if you will. Normally, 6% is withheld and the employee matches it. I paid it all with the self-employment returns. And that was the same from the, what at then was Robert E. Kovacevich PS. The Western Management, and it was at that time, was on a fiscal year. So as a practical matter, I made draws during the year like any attorney would. The CPAs got it at the end of the calendar year. I paid tax on the calendar year that I drew. And then the CPAs kept a careful record of what was drawn and what the corporation made. When there was a deficiency, the corporation paid the income tax on the amount not withdrawn. See, we always had a lag here because, again, my year ended, my personal year ended in December. The corporation's year ended in March. So the accountants kept track of that. CPAs did it. I didn't do it. And they had a running total of all that. And so that's what was reported. It wasn't any mystery. I report on my Schedule C. And then, of course, as I point out in the briefs, much of what I reported, or some of what I reported, was cash that I drew. There was no intent to defeat the withholding tax or the Social Security tax. I had a lot of, as a solo, I had a lot of cash payments that I would pay or would give the personnel at the office to get a certified copy. It's very hard to give a check to an employee who takes it to the clerk. And so it was done out of practicality. The interesting thing is that 3121A says that you do not withhold on cash. That's a rather side issue, but it does get into some real theory as to how you determine whether the issue is logical or not logical. And in reality, I was due two or three thousand dollars in cash each year, not purposely. But the 3121A says you don't pay withholding or Social Security on cash. However, I paid complete 15.3 percent on my self-employment tax returns. I didn't get into that cash issue. I want to point out there's a lot of argument about whether or not the draws were kept by Western management. Now, the lower court held, and that's at page three of the court's opinion, that the Western management kept canceled checks and bank statements of payments to Kovacevic. So the court's holding was that the records were kept by Western management. What the lower court did is take the later case I had as a personal employee on income tax and apply that and said, well, he didn't keep track as an employee of a whole bunch of records for income tax. I'm taking that issue and applying it to the to Western management, even though Western management kept good records. And here are the records that are attached to my declaration. It's to the penny. The account kept the draws. Every check, they were all numbered what it was for. They kept every single draw. Counsel, can you correct me for a moment? The Court of Federal Claims held that you were an employee of WMI. That's right, Your Honor. And that's what you're challenging. That's correct. Well, that's the major challenge. That's the major challenge. And you're saying that you were not an employee. That's correct. You were an independent contractor of some sort. Exactly, Your Honor. And this question of whether you're an employee of WMI or not, I mean, this has been a question that's been litigated before various times, hasn't it? That's right, Your Honor. In fact, the Ninth Circuit held, and I'm reading from their opinion. This is WMI, Commissioner of Internal Revenue Service versus the Ninth Circuit. It says, based on the record before us, we conclude as follows. The tax court did not clearly in finding that Mr. Kovacevic is a statutory employee of Petitioner. It goes on and on. And it seems to me that this question that you're challenging is one that's been decided by various courts in the past. The question has been decided in later years, Your Honor, by the United States Tax Court after a full trial. Judge Foley held that I was not credible, which is an embarrassment to me. However, the Senate Oversight Committee, when I testified before them, they held I was credible. Well, beyond that, I mean, this question of whether you're an employee, a statutory employee of WMI, seems to me that there's been various courts that have heard your case that you're bringing before us today and have decided that you're a statutory employee. After a full trial, Your Honor, and in subsequent years, and as the Sonnen case on residue to condescends, each year is a different situation. And these are the earliest years before the court. This court, as I understand it, has a duty for a de novo review, which some cases held that the court has to write as if the lower court never made a decision. And this is the first case to come up on the years, on the earliest years, and also on summary judgment. I understand that, that we may be dealing with a different tax year here. But the question of whether you're a statutory employee, that question is identical to the one that's been litigated before. And you've lost on that. There's very little difference, Your Honor, that's correct. But the transcript in the tax court cases, I also went into the tax court under presumption of correctness. Tax court, you're after an audit to presume the internal or the and the government is presumed to be correct. The standard this court has before it on summary judgment is whether there is, as of course, Your Honors know, a dispute as to material fact. And my declaration is totally clear. I disputed all the facts. The government has no facts whatsoever. They did not put the record of the prior cases into evidence. And there's no right to call any witnesses. I did not have the same opportunity as I do before the court of claims and also this court to submit my affidavits. And there's clearly material facts in this case. And the court is right. They did decide on a similar legal holding. But I misquoted that, Your Honor. I misstated that on a factual holding. What is de minimis? And that the all of the regulations say an attorney in private practice is an independent contractor. A director, which I was, is an independent contractor. Then the dispute says a president who performs more than de minimis can be an employee. Now, if I were president of General Motors, I'd have a full-time job. I was president, actually. I never was elected, but I acted and signed a few tax returns as president because the blank required that. The time I spent, as my declaration says, was a few minutes a year. When you have a solo, closely held, professional corporation, all you have to do is pay the license fee once a year. Administration, hire, fire, do the law work, is not a corporate administrative duty. Any law practice has those duties. So I'm saying the court did not interpret right. And I know I'm being repetitive, but this court has to look at it and determine whether there are any facts that I worked harder. I worked more than de minimis as an assumed president. If I did work, I had to be a director, which I was, and an acting president. And my efforts, which were minutes a year, had to be divided between the two because I was both. Again, a director, under the regulations the government has, is an independent contractor. So the only thread here is de minimis, which, logically, how much time does it take to run a closely held, solo, professional corporation to keep it intact? You pay the license fee. That's all it takes. Let's hear from the government. We'll save you time. Ms. Moriarty. May it please the court, I'm Regina Moriarty, and I represent the United States. As Judge Reina was just discussing, the Ninth Circuit has, in fact, found that Mr. Kaposvich was an employee of Western Management. And that was, in fact, for different tax periods. But the relevant facts are basically the same for all the years that have been before the various courts. But importantly to this case is that the taxpayer stipulated that he, all of the facts that would be necessary to find that he was an employee under Section 3121 D1. He stipulated that he served as president. He stipulated that he signed tax forms as president. He stipulated he controlled the corporation and made all major decisions. He was responsible for the day-to-day management of Western Management. He approved all hiring and firing, determined salaries, conducted performance reviews of the employees, and he signed all checks. On that basis, the Court of Federal Claims here found that Mr. Kaposvich was an employee of Western Management. Why is this different from the routine lawyer's professional corporation? It's, it's not, state law doesn't affect this. We're looking at under the Internal Revenue Code and it gives you two provisions for whether or not you can be an employee in whatever states that you're an employee if you're an officer of the corporation. And so whether or not, whatever state law determines under the Internal Revenue Code, you're considered... You're not saying the corporate law is one corporate law for the IRS and another corporate law for every state? I'm sure that the 50 states have different laws and, and so the Internal Revenue Code is just for your federal taxes. It doesn't affect your state taxes that would be paid. Exactly, that's the problem. I'm afraid I don't understand. I'm trying to understand why, or if, or the basis for the IRS not viewing this arrangement as what looks to me like a standard professional corporation as lawyers enter into. It's because of all the additional work that, I mean, as the Court of Federal Claims and as we stated in our brief, you can set up corporations that, and you have a dual capacity. But Mr. Kurbacevich and Western Management didn't set their situation up like that. And when they intermingle all of their dealings, then under 3121 D1, when an officer of a corporation is conducting and doing more than minor activities for the corporation, then it's considered an employee and not an independent contractor. Well, let me pursue Judge Williams. I'm sorry, were you going to? I wanted to follow up on your question because I had the same essential question. I mean, the typical partnership, legal partnership, is a partnership, not a corporation, and each of the partners pays a self-employment tax, which is double what would have been the first question. Is it true, as Mr. Kurbacevich says, that he paid the full load of the self-employment tax for the years that is at issue here? The record doesn't indicate that. What his declaration says is that I filed my personal income tax returns and I paid those taxes. But what the record also shows is that the IRS asserted deficiencies against Mr. Kurbacevich for all of those years for his individual income taxes because he did not include the full amount of wages that Western Management had reported on their corporate returns. I see, okay. And so once you're issued a deficiency saying that you're not self-employed, those are wages, then self-employment wages and income taxes are both subtitle A taxes, whereas FICA and Social Security are subtitle C taxes. The employer is responsible for the FICA taxes, and they're not interchangeable with the self-employment taxes. And generally what happens is... Well, they're equivalent. They may not be interchangeable. But in other words, if I'm a partner in a law firm, I'm paying self-employment taxes, right? I assume so. Yeah, okay. Assume I would. And if suddenly the partnership decides to incorporate, then what happens is I go down to one half because I'm paying my share of the FICA and the corporation is paying the other half, right? All right. Now, are you suggesting that... I just don't know what the answer is, so help me here. That in every state in which the appropriate means of lawyer organization is not the partnership, but is the limited liability corporation, that each of the partners, even though they may call themselves partners, is actually an employee and that that employee pays FICA at the employee rate and that the limited liability corporation pays the other half of the FICA? Is that the way it works? No, I'm going to say that the partners in a corporation, it would all depend on the individual facts of how they operate within that corporation. And if there are certain people who are designated to be officers and they only do well, I'm getting confused. Suppose it's a small partnership that has five members. I'm the managing partner, so I spend three hours a week hiring secretaries and paralegals and so forth and taking care of dealing with the IRS. But the rest of my time, I practice law, exactly the way my fellow partners do. We all call ourselves partners, but this is part of a limited liability corporation. Am I an employee and do I get treated differently for purposes of FICA from my partners or are we all employees? I would say, just based on your facts scenario, that three hours a week is considered minor services. And depending on how the documents were drawn up, identifying what you were going to do as a managing partner compared to the other ones, that you would fall under the exception and would not fall under 3121D1. But in this case, stipulated facts showed that Mr. Kravacevich was providing more than minor services to the corporation and therefore he didn't fall under 3121D1. He was considered an employee. Such services being his legal work? That he filed all the returns, that he served as president, that he controlled the day-to-day operations, that he made all major decisions, that he worked 60 to 70 hours per week, and that all of that was billed by the client. But the key is how to classify his legal work, because everything you set up until you got to the 60 and 70 hours a week is stuff that I, as a managing partner, would be doing, correct? We'll assume it's correct. Yeah, I assume it's correct. I've never worked for him. Yeah, we'll assume it. So, how am I distinguished from Mr. Kravacevich? Except for the fact that you're attributing his legal work to work which is as an employee of corporation or done for the corporation as opposed to as, in effect, a sole proprietor. I think that in your hypothetical that that managing partner is clearly separating out and saying, here I have two distinct unrelated capacities that I'm performing as. And in this case, Judge Firestone found that they were all intermingled and that Mr. Kravacevich did not do that. Was there any type of agreement between Mr. Kravacevich and WMI? Not that's in the record. Like a partnership agreement or employee contract, independent contractor agreement? Not that's in the record. None that I know of. So, the second part of the case then is dealing with the computation of the taxes that were due for Western Management. And what the IRS did here was they took the actual figures off of Western Management's corporate returns and they divided those into the quarters at issue and they applied the statutory rates to come up with the amount of Social Security and unemployment taxes that were due. They then took the Certificate of Assessment and Payments, which is entitled to presumption correctness here, and applied all the credits totaling over $31,000 to come up with the amount of taxes that the IRS is entitled to for the years at issue. Trying to think what I need to respond to. That was brought up. I think I mentioned that the FICA and self-employment taxes are not interchangeable, so just because Mr. Kravacevich may have paid some self-employment taxes doesn't relieve the I mean, suppose that the situation were clear that Mr. Kravacevich had paid double what he would have paid under the FICA tax as his self-employment tax, therefore covering every single red cent of what the employer, the corporation here, would have had to pay. And that's a wash, right? The IRS is fine. It's not a wash. Well, how is it not a wash? Because we've got two separate taxpayers involved here and you can't take money from one taxpayer to pay for the other taxpayer's account. But it's a wash in terms of dollars, correct? You have the same number of dollars in your pocket. You just are saying it's a different pocket. Right. And, but I mean, you can't, all taxpayers are separate and you can't, I mean, I understand that, but it just seems that the whiff of concern here that is floating around is that you're taking advantage of the fact that we have two separate entities to say, well, you may have paid everything you were obliged to pay as a self, under a self-employment tax. You may have paid double. Maybe not, but my hypothetical is if he had paid double, are you telling me that if you can establish that he, in fact, was an employee of Western Management, that you can come after Western Management in addition to the 13 or 15 percent that he paid for another six and a half percent? Yes. And the proper thing for Mr. Kovacevic or the taxpayer is to seek a refund. Isn't that what's happening here? Isn't this case for Mr. Kovacevic a refund of excess employment tax for $92,000 and $93,000 in the amount of $18,000? Western Management is seeking it, not Mr. Kovacevic. Yes, Western Management. Mr. Kovacevic and his individual returns for the years that we have here went all through deficiency proceedings with the tax court. The tax court found that there were deficiencies. And then several years after that, the IRS is trying to collect those deficiencies and there are collection due process proceedings that the case is cited in my brief on page, page, bottom of page 43. It's a TC memo case where you can tell from that opinion that the 1992 tax deficiency has not yet been paid, but the IRS is trying to collect that amount. Um, so we, we don't know if those taxes have been paid in full. And I also would point out that when an individual files his income tax returns, you know, here's the amount of money I owe on my wages or my dividends or my interest income or whatever. And then here's my self-employment tax. So it is all on the same return. They're all subtitle A taxes. If in a situation like this, the IRS determines you're not an employee, I mean, you're not an independent contractor, you're an employee. And those wages you claimed were self-employment income aren't. Those taxes reported as self-employment income can be used to pay your income tax deficiency because it's all on the same return and they're all subtitle A taxes. In this case, even I think taking those figures into account, the IRS still found that there was a deficiency in those years in 1992 for Mr. Kaposevich's individual income tax return. That the entire deficiency is based on this aspect, the entire assessment against the corporation? The entire assessment against the corporation in this case is based on the amount of contract labor is how it was identified on the corporate return. That Western Management claimed to have paid to Mr. Kaposevich and deducted on its corporate returns. The IRS took those figures, didn't reconstruct any kind of income. It just said, okay, that's what you've said you've paid him. That's what we're going to use to compute the tax liability of Western Management. It then just used the standard percentages that you would use to apply for social security and unemployment taxes and income tax withholding. Then it took into account the wage basis so that if the amounts that were listed as say $130,000 a year exceeded what you would pay social security on, they didn't compute the social security tax on the excess of that. It was a formulaic exercise that they went through here taking the figures that Western Management paid to Mr. Kaposevich and deducting on his corporate returns and simply applying the percentages of taxes due as all of us would pay. And that's how you came up with the figures. Any other questions for Ms. Moriarty? Mr. Kaposevich. Thank you. Taking the last statement Moriarty made first, that is not correct on the assessment. What the Internal Revenue Service did was adopt, in the lower court, was take the judgment of the tax court that went out on its own and said, we looked through the corporation and we're going to tax Kaposevich with all the corporation's income. And the revenue agent made a formula between fiscal and calendar years, then assessed 20% withholding. And the court's ruling said, since the employee records were not correct, we can do this assessment. Contrary to bubble room. Bubble room in this court said 446A is advisory but not binding on us. The statute on employees is 26-6001. The regulations say an employee doesn't have to keep track of anything on his or her paycheck. And the regulations under 6001A say that employees, it's not mandatory. The trial court used the tax court case of myself as an individual taxpayer, which had all kinds of different deductions, saying, well, even though Western Management kept good records, I'm going to say that the records weren't right. Therefore, I can make the assessment. No employee has to keep track of the paychecks. I submit, I presume this court is classified as employees. You don't have to write down each time you get a payment. Your employer has to. And here, Western Management did. But your contention is that you weren't an employee. That's correct. But even if I were, the court could not use the fact that me as an employee didn't keep good records and use it against Western Management, the employer. Another issue the court brought up, Western Revised Code 18-100-060 prohibits the corporation from practicing law. The analogy that Ms. Moriarty makes ignores the insurance revenue ruling where the insurance people were licensed to sell insurance and then had corporate formalities. And the revenue ruling says, no, there's a total distinction between being an insurance, licensed insurance salesman, and a corporate president. And there's a distinction here. As the court questioned, Ms. Moriarty refers to administering the law practice in which a corporation is unnecessary. I practiced as unincorporated for several years. I had to do these various things. And she actually answered the question better than I did. She answered the question and said, well, if there's only three hours or more a month, those are minor services as a president. My services were minutes in the whole year, maybe an hour as a president of the corporation. So the merger into the transmutation, if you will, that law practice is more than de minimis services as president is a misnomer. The Washington law allows a non-lawyer to be an officer of the corporation. So you don't have to be a lawyer to be an officer. And the opposite doesn't follow. And so that's the distinction is in the local law of professional corporations. And it's obvious, you've got to run a business no matter what it is, but that doesn't make it a corporate employer services to administer. Was which management incorporated as a professional corporation? Yes, your honor. It was Robert E. Kovacevich BS until 1997. It hasn't been that since 97. When did it become Western Management Inc? 97. 97. And did you file reincorporated? Yes, it reincorporated. It abandoned. It could not practice law. The articles changed and then it became a general corporation. It's now operating. So it's a general corporation. That's correct. As a general corporation, just specifically said, there's not a law firm. That's correct. It can't cannot practice law. But prior to 97, it was a professional corporation. Yes, it's a generic and the article was filed in the in the record. And yeah, it was a generic professional corporation. Any more questions? If I could end the regulations, I keep fumbling is a Treasury Regulation 3 6001-1A and 6000-1D saying that the form of records that a employer keeps is any way you can keep track of how much you pay the employee. And I submit the computations were not correct in this case. And the bubble room wage base was exceeded. And it's right in my, in other words, more Social Security would be paid than the wage base allows. And bubble room specifically reversed the case on that point and sent it back to determine whether the proper Social Security was paid. It was overpaid in this case, according to this. Thank you, Your Honor. I appreciate the court oral argument. I know this is not the largest case the court has in its inventory. Maybe. Thank you, Mr. Kovacevich, Ms. Moriarty. Case is taken under submission.